## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MILANI CONSTRUCTION, LLC,      *

    Plaintiff,                    *

    v.                          *

CITY OF FREDERICK, MARYLAND,   *          **CIVIL NO. JKB-20-2944**

    Defendant.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiff Milani Construction, LLC ("Milani") sued the City of Frederick, Maryland ("Frederick") for breach of contract, claiming Frederick refused to pay Milani nearly $6 million for road and bridge repairs that Milani performed. (Am. Compl. at 1, ECF No. 19.) Frederick moved to dismiss Milani's claim, arguing that this Court lacks subject matter jurisdiction and is an improper venue for this suit. (ECF No. 6.) Milani filed a response in opposition, Frederick filed a reply, and Milani moved for leave to file a surreply addressing new arguments Frederick made in its reply. (See ECF Nos. 12, 14, 15.) The parties' motions are fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Milani's Motion for Leave to File Surreply (ECF No. 15) and grant Frederick's Motion to Dismiss (ECF No. 6).

### I.   *Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v.*

*Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the Court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Under Rule 12(b)(3), a party may move to dismiss on the grounds of improper venue. "[E]vidence outside the pleadings may be 'freely consider[ed]' in ruling on a Rule 12(b)(3) motion." *Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 612 (D. Md. 2013) (quoting *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). The Court views this evidence "in the light most favorable to the plaintiff," but the plaintiff bears the burden of establishing a "prima facie showing of proper venue[.]" *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012).

## II.   *Analysis*

Frederick seeks dismissal on the grounds that (1) this Court lacks diversity jurisdiction because both parties are citizens of Maryland or, alternatively, (2) this Court is not the proper venue for the present suit because the parties' contract contains a forum selection clause that requires suits to be brought in a court located in Frederick County, Maryland. For the reasons discussed below, the Court will dismiss this suit because it is not the proper venue for the adjudication of this dispute.

### A.  Subject Matter Jurisdiction

The federal diversity jurisdiction statute provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  With certain exceptions, diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

For purposes of diversity jurisdiction, a limited liability company ("LLC") is an unincorporated association "whose citizenship is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).  A "political subdivision of a State," such as a county, is generally considered "a citizen of the State for diversity purposes." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973).  When a federal court's diversity jurisdiction is invoked, "the citizenship of the parties is to be determined with reference to the facts as they existed at the *time of filing*." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (emphasis added).

An individual is a citizen of the state in which he or she is domiciled, which is "established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians*, 490 U.S. 30, 48 (1989).  There is "a presumption against a change of domicile," *Thomas v. Farmer*, 148 F. Supp. 2d 593, 595 (D. Md. 2001), and establishing a new domicile requires "both a change of residence and an intent to remain at the new residence indefinitely." *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994).  Courts consider multiple factors to determine an individual's domicile, including his or her "current residence; voting registration and voting practices; location of personal and real property; location

3

of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes[.]" *Id.* at 172 (quoting Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3612). The first and second factors are especially weighty. *See Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . ."); *Melendez-Garcia v. Sanchez*, 629 F.3d 25, 41 (1st Cir. 2010) (explaining that some courts presume one is domiciled where one is registered to vote, and other courts treat voting registration as a weighty factor).

In the Amended Complaint, Milani pleads that this Court has diversity jurisdiction because Milani is a citizen of Virginia, while Frederick is a political subdivision and citizen of Maryland. (Am. Compl. ¶¶ 3–5.) Milani states that it is an LLC with two members, founder Saeed Milani-nia and his wife, Sherly Milani-nia (collectively, "the Milani-nias"), both of whom are domiciled in Virginia. (*Id.* ¶¶ 2–3.) The Milani-nias allege that in August 2020, they moved to an Arlington, Virginia apartment that they have continuously leased since February 2018. (Opp'n to Mot. Dismiss at 1, ECF No. 12; ECF Nos. 12-2, 12-3, 12-4.) To demonstrate that the Milani-nias are citizens of Virginia, Milani presented, *inter alia*, official voter registration cards from Arlington, Virginia that were postmarked on August 31, 2020; September 11, 2020 letters notifying the Baltimore County Board of Elections of the Milani-nias' change in address and voter registration; a U.S. Postal Service official Change-of-Address form dated August 31, 2020; and Virginia drivers' licenses that were issued on October 26, 2020 pursuant to an appointment the Milani-nias allegedly scheduled on August 17, 2020. (ECF Nos. 12-6, 12-7, 12-8, 12-9, 12-17, 12-18.)

Frederick argues that this Court lacks jurisdiction because the Milani-nias are domiciled in Maryland and, as a result, Milani is a citizen of Maryland. (Mot. Dismiss Mem. Supp. at 1, ECF

4

No. 6-1.) In support of its motion, Frederick provided, *inter alia*, multiple court filings in which Milani claimed it was a Maryland citizen. (ECF Nos. 6-5, 6-6, 6-11, 14-6, 14-7.) Notably, these court filings all preceded the Milani-nias' alleged move in August 2020. Frederick also provided evidence showing that the Milani-nias still own a house in Reisterstown, Maryland and paid taxes on the property in 2020. (ECF Nos. 6-9, 6-10, 14-2.)

After reviewing the jurisdictional evidence submitted by both parties, the Court finds that, by a very close margin, Milani has proven by a preponderance of the evidence that it is a citizen of Virginia. *See Demetres*, 776 F.3d at 272. The home ownership, tax, and court records provided by Frederick illustrate that the Milani-nias were domiciled in Maryland as recently as last year, which creates a rebuttable presumption that they—and by extension, Milani—are citizens of Maryland. Milani, however, provides several uncontested pieces of evidence showing that the Milani-nias changed their domicile to Virginia before this suit was filed. The Milani-nias' change of address forms indicate a change in residence, and their Virginia drivers' licenses, Virginia voting registration, and statements to this Court reflect an intention to stay in Virginia. *See Dyer*, 853 F. Supp. at 172. Moreover, Milani's evidence regarding the Milani-nias' Virginia residence and voting registration will be accorded special weight. *See Anderson*, 138 U.S. at 706; *Melendez-Garcia*, 629 F.3d at 41.

Because Milani has narrowly met the evidentiary burden required to rebut the presumption against the Milani-nias' change of domicile to Virginia, the Court finds that Milani is a citizen of Virginia. Accordingly, Milani has demonstrated that this Court has diversity jurisdiction over this dispute.

### B. Venue and Forum Considerations

Frederick also argues that, pursuant to Rule 12(b)(3), Milani's Amended Complaint must be dismissed for improper venue under the forum selection clause in the parties' contract regarding the "Monocacy Boulevard Phase 2 Roadway Construction" ("the Contract").[1] (*See* Mot. Dismiss Mem. Supp. at 3; ECF No. 6-3.)

#### 1. Motion to Dismiss Under Rule 12(b)(3)

In its response to Frederick's motion to dismiss, Milani contends that Frederick should have objected to this Court's adjudication of this dispute on *forum non conveniens* grounds, rather than through Rule 12(b)(3). *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013) (explaining that a forum selection clause may not be enforced through a motion to dismiss under Rule 12(b)(3)). In its reply, Frederick asks the Court to construe its current motion as a motion to dismiss for *forum non conveniens*. (Reply at 8, ECF No. 14.) In keeping with recent practice in this District, the Court will honor Frederick's request. *See, e.g., TradeRiver USA, Inc. v. Cubitac Corp.*, Civ. No. JKB-19-2941, 2020 WL 886305, at *4 n.2 (D. Md. Feb. 24, 2020) ("Though [Defendant] styles its dismissal argument as a 12(b)(3) challenge to venue, since [Defendant's] argument focuses on the enforcement of a forum-selection clause, the Court will treat it as a *forum non conveniens* challenge.").

Milani moves for leave to file a surreply to address the new arguments and evidence presented in Frederick's reply. (ECF No. 15.) Although "[s]urreplies are highly disfavored in this District," *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015), this Court may permit surreplies "when the moving party would be unable to contest matters presented to the court

---

[1] The Court takes judicial notice of the Contract and the other exhibits cited in this section, which are part of the parties' agreement. The Fourth Circuit permits judicial notice of documents attached to a motion to dismiss "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Neither party disputes the authenticity of these relevant documents.

for the first time in [Frederick's] reply." *Khoury*, 268 F. Supp. 2d at 605. By converting its motion to dismiss under Rule 12(b)(3) into a motion to dismiss under the doctrine of *forum non conveniens*, Frederick introduced a key new argument in its reply. (*See* Reply at 8.) Accordingly, the Court will consider the material contained in Milani's surreply, and the Clerk will be directed to docket the surreply.

### 2. *Forum Non Conveniens*

The Supreme Court has held that "forum selection clauses are presumptively valid and should be enforced unless the clause is 'unreasonable and unjust, or [ ] the clause [is] invalid for such reasons as fraud or overreaching.'" *Bryant Elec. Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). The party challenging a Court's enforcement of a forum selection clause bears the burden of demonstrating that it is invalid. *Bryant*, 762 F.2d at 1196; *see also Atl. Marine*, 571 U.S. at 51 ("[P]laintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.")

Because forum selection clauses "implicate the appropriate venue of a court," which is a procedural issue, courts "apply federal common law favoring the enforcement of forum selection clauses when interpreting contracts that contain forum selection clauses." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). This means that, even in diversity cases, a "federal court interpreting a forum selection clause must apply federal law in doing so." *Id.*

As an initial matter, in determining whether forum selection clauses are mandatory, a federal court will determine whether the clause "authorizes another forum as an alternative to the forum of the litigation or whether it makes the designated forum exclusive." *Id.* In the case at hand, Article 10(b) ("the forum selection clause") of the Contract designates a mandatory and

exclusive forum for disputes under the Contract. Article 10(b) states, "Any litigation brought by the Contractor based on or arising out of this Contract *shall* be brought *only* in an appropriate court within the county in which the Owner is located." (ECF No. 6-3 at 4 (emphases added).)

Article 6 of the Contract states that, if there are discrepancies among any documents whose terms the parties agreed on, the Contract's terms shall receive preference. (*Id.* at 3.) Additionally, "Special Provisions/Special Conditions" shall receive preference over "General Provisions/General Conditions." (*Id.*) Milani cites several forum-related provisions contained in documents other than the Contract. Section 2.35 of the Special Conditions—which was part of Frederick's Invitation to Bid—states, "The parties agree that any action, arising out of this Contract, shall take place in Frederick County, Maryland." (ECF No. 6-4 at 18.) In contrast, the General Provisions provide that "all disputes arising under or as a result of a breach of the contract" should be appealed to the Maryland State Board of Contract Appeals. (ECF No. 12-20 at 6–7.) An attachment to the parties' bid states, "All persons, firms and/or corporations who have furnished materials and/or performed labor or rendered services as aforesaid shall have a direct right of action . . . [which] shall be asserted in proceedings instituted in any court of appropriate jurisdiction." (ECF No. 12-19 at 9.)

Milani argues that the Contract's forum selection clause is unreasonable for several reasons. According to the Fourth Circuit,

> a forum selection clause may be found unreasonable if: (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Albemarle*, 628 F.3d at 650 (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)).

Milani first contends that the Contract's language about forum selection is unreasonable because the Contract contains various forum selection clauses, some of which "contradict one another." (Opp'n to Mot. Dismiss at 17.) Milani's argument about the inconsistency across the Contract's forum selection clauses does not fit within any elements of the Fourth Circuit's definition of unreasonable forum selection clauses. *See Albemarle*, 628 F.3d at 650. Moreover, read in light of the Contract's preference clause in Article 6—which establishes that the terms of the Contract preempt those of related documents—the Contract does not contain conflicting terms about forum selection. The Contract and the Special Provisions both unambiguously require Milani to file its lawsuit in Frederick County, and both of those documents clearly trump the General Provisions' forum-related language.

Relatedly, Milani asserts that the forum selection clause is unreasonable because it is both procedurally and substantively unconscionable. From a procedural standpoint, Milani argues that it was not presented with the Contract until after it had bid on the project, at which case it stood to lose "a Bid Bond in excess of $1,000,000." (Opp'n to Mot. Dismiss at 17–18.) In *Bryant Electric Company v. City of Fredericksburg*, the Fourth Circuit held that a forum selection clause was not unreasonable when a construction company entered a contract with a city "following [a] competitive bidding" process. 762 F.2d 1192, 1197 (4th Cir. 1985). In *Bryant*, despite the fact that those parties engaged in "little negotiation regarding its terms," that contract's forum selection clause was valid because "[t]here [was] nothing in the record to suggest that [the company] is an unsophisticated entity lacking sufficient commercial expertise." *Id.* Analogously, Milani is a sophisticated construction company that "has constructed numerous highway and other infrastructure projects" for federal, state, and municipal agencies. (Am. Compl. ¶ 2). Further, Milani was on notice that the Contract could have limited jurisdiction to courts in Frederick County

9

because Section 2.35 of the Invitation to Bid contains nearly the same forum selection clause as Article 10(b). (ECF No. 6-4 at 18.) As in *Bryant*, Milani "was aware of the provisions of the contract, chose to submit a bid, and freely entered into the contract." 762 F.2d at 1197.

Milani also points to language in Article 10(a) of the Contract to argue that the forum selection clause is substantively unconscionable because it is one-sided. (Opp'n to Mot. Dismiss at 18.) Article 10(a) of the Contract states that Milani "voluntarily and irrevocably submits himself to the jurisdiction and venue of *any court of competent jurisdiction* over the subject matter of this Contract located within the State of Maryland[.]" (ECF No. 6-3 at 4 (emphasis added).) Milani does not support its contention that a contract that provides one party with more flexibility in forum choice than the other party rises to the level of unconscionability, or falls within the Fourth Circuit's definition of unreasonable forum selection clauses. *See Albemarle*, 628 F.3d at 650. Moreover, Milani does not show that its being restricted to filing suit in state court is unreasonable, especially when the Contract is to be construed under Maryland law (ECF No. 6-3 at 4) and the construction project at issue took place in Frederick (Am. Compl. ¶ 1). *See Bryant*, 762 F.2d at 1197 (holding that "the selection of a state tribunal of general jurisdiction is a reasonable one" when state law would govern the dispute, the events giving rise to the lawsuit took place in that state, witnesses are likely to live in that state, and the plaintiff did not show the state forum would be unfair).

Milani further argues that the forum selection clause is substantively unconscionable because there was a circuit split regarding the interpretation of the forum selection clause's language at the time of the parties' agreement. (Opp'n to Mot. Dismiss at 20–21.) Frederick's interpretation of the forum selection clause, however, was already supported by long-standing precedent in this District at the time the parties signed the Contract. In *Rihani v. Team Express*

*Distributing, LLC*, the District of Maryland held that a forum selection clause limiting suits to courts "in" a county does not permit suits to be brought in any federal court whose geographic reach *encompasses* that county.[2] 711 F. Supp. 2d 557, 559, 561 (D. Md. 2010). The Fourth Circuit recently upheld the validity of this approach, holding that when a forum selection clause states that disputes shall solely be resolved in a certain county, "removal of the case to federal court would mean that the dispute would be resolved in a county other than the one designated by the contract," and this "court, of course, may not re-write the contract." *Bartels by and through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018). Thus, Milani does not meet its burden of showing the presumptively valid forum selection clause in Article 10(b) is invalid because it is unreasonable.

Milani next asks the Court to read two Supreme Court precedents from the 1800s as prohibiting cities from entering forum selection agreements with private parties.[3] (Opp'n to Mot. Dismiss at 22.) In *Cowles v. Mercer County* and *Home Insurance Company of New York v. Morse*, the Supreme Court held that states cannot enact *legislation* limiting private parties' rights to bring suits in federal court. 74 U.S. 118, 122 (1868); 87 U.S. 445, 458 (1874). Milani also cites *Markham v. City of Newport News*, in which the Fourth Circuit held that a Virginia statute could not shield the state from being sued in federal court. 292 F.2d 711, 716 (4th Cir. 1961). Milani

---

[2] In a footnote, Milani contends that the District of Maryland "is in fact located *in* Frederick County" because Magistrate Judge DiGirolamo holds court at a location in Frederick (Opp'n to Mot. Dismiss at 21 n.6 (emphasis added)), but Frederick is not one of this Court's locations. *See* 28 U.S.C. § 100(1) (specifying that "Court for the Northern Division" of Maryland—the division that includes Frederick—"shall be held at Baltimore, Cumberland, and Denton"); Court Locations, UNITED STATES DISTRICT COURT, DISTRICT OF MARYLAND, http://www.mdd.uscourts.gov/ (last accessed Feb. 22, 2021). The Court takes judicial notice of the fact that a U.S. magistrate judge does occasionally sit at Fort Detrick in Frederick County to adjudicate traffic and other petty offense cases arising there and at a nearby National Park. The U.S. District Court does not otherwise sit in Frederick County. Importantly, it does not adjudicate civil matters there, nor do any Article III judges sit or adjudicate cases there.

[3] Milani also argues that the forum selection clause is substantively unconscionable because it deprives Milani of the right to bring suit in federal court, in contravention of *Cowles* and *Morse*. (Opp'n to Mot. Dismiss at 18–20.) For the reasons discussed in this section, the Court rejects this argument.

11

does not, however, cite any Fourth Circuit precedents extending the rule from *Cowles* and *Morse* to prohibit forum selection clauses in cities' *contracts*. On the contrary, two decades after *Markham*, the Fourth Circuit upheld a forum selection clause in a contract between a city and a private party. *See Bryant*, 762 F.2d at 1197. This Court sees no reason to broaden the holdings of *Cowles* and *Morse* to prohibit cities and private parties from contractually agreeing on forum selection clauses.

Milani also argues that, under state law, the forum selection clause in Article 10(b) impermissibly conflicts with a Maryland law that permits suits to be brought against Frederick. (Opp'n to Mot. Dismiss at 26.) Even if this Court were not assessing the enforceability of the parties' forum selection clause under *federal* law, *see Albemarle Corp.*, 628 F.3d at 650, it is not clear why a statute that merely allows Frederick to be sued, without specifying which court it may be sued in, would automatically render all of Frederick's contractual forum selection clauses void.

Finally, Milani argues that Frederick did not present a thorough analysis of the public and private factors that are part of the traditional *forum non conveniens* analysis, and incorrectly states that "the burden remains with the party seeking dismissal." (Opp'n to Mot. Dismiss at 26; Surreply at 8, ECF No. 15-1.) On the contrary, the party challenging the application of a forum selection clause bears the burden "of establishing that transfer to the forum for which the parties bargained is unwarranted." 571 U.S. at 574. Additionally, in forum selection clause cases, a court "may consider only public interests," and "because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 574. By simply arguing that Frederick did not demonstrate that this Court is an inconvenient forum that is unfamiliar with Maryland law (Surreply at 10–11), Milani fails to meet its burden of

affirmatively showing that the Court should not adhere to the valid forum selection clause in the parties' Contract.

### III.    *Conclusion*

For the foregoing reasons, an order shall enter granting Milani's Motion for Leave to File Surreply (ECF No. 15) and granting Frederick's Motion to Dismiss (ECF No. 6).

DATED this 25 day of February, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

13